/10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

Plaintiff,

v.

D-1 Darren A. Robinson,

Defendant.

_____/

Case: 2:24-cr-20025
Assigned To : Edmunds, Nancy G.
Referral Judge: Altman, Kimberly G.
Assign. Date : 1/11/2024
Description: INDI USA V. ROBINSON (NA)

Violations:

18 U.S.C. § 1343
18 U.S.C. § 1957

## INDICTMENT

### THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At times relevant to this Indictment:

1.      QYU Holdings and related entities (collectively, "QYU") purported to operate as a professional investment company trading foreign currency.  QYU was based in the Republic of Panama and the Cayman Islands.

2.      DARREN ANTHONY ROBINSON ("ROBINSON") was the founder and principal operator of QYU.  ROBINSON was also supposedly QYU's primary foreign currency trader.  ROBINSON was a United States citizen and a resident of the Republic of Panama.

3.      QYU obtained funds from outside investors who were led to believe their investments would be used for foreign currency trading.

1

<u>Purpose of the Scheme to Defraud</u>

4.     The purpose of the scheme to defraud was for ROBINSON to obtain money and enrich himself and his associates by, among other things, materially false and fraudulent pretenses and representations regarding QYU's supposed use of outside investor funds for foreign currency trading.

<u>The Scheme to Defraud</u>

5.     As part of the scheme to defraud, ROBINSON both made, and caused to be made, materially false and fraudulent representations regarding QYU's use of outside investor funds for foreign currency trading.

6.     As part of the scheme to defraud, ROBINSON generated false and fraudulent records purporting to show foreign currency trading activity by him on behalf of QYU and its investors. These false and fraudulent trading records generated by ROBINSON showed trading activity that supposedly generated profits. In reality, ROBINSON did not actually engage in the trading activity represented in the records he generated.

7.     As part of the scheme to defraud, the false and fraudulent trading records generated by ROBINSON were used by QYU to create account statements for its investors purporting to show that their investment funds were consistently generating profitable returns and growing in value.

8. As part of the scheme to defraud, the false and fraudulent representations made by ROBINSON, including his false and fraudulent trading records, were also used by QYU and associated persons to create marketing materials to solicit new investor funds.

9. As part of the scheme to defraud, ROBINSON caused others to falsely represent that QYU was engaged in profit-generating foreign currency trading and to solicit investor funds based on these false representations.

10. Contrary to the representations that ROBINSON made and caused to be made, outside investor funds obtained by QYU were not used for profit-generating foreign currency trading.

11. Instead, outside investor funds obtained by QYU were largely diverted from any trading activity and were, instead, used to personally enrich ROBINSON and his associates, pay back other QYU investors, and sustain the operations of QYU.

12. As part of the scheme to defraud, ROBINSON caused false and fraudulent representations to be made to QYU's outside investors regarding the value of their investments.

13. As part of the scheme to defraud, ROBINSON caused false and fraudulent representations to be made to QYU's outside investors regarding their ability to withdraw their investments and the status of their distribution requests.

3

<u>Interstate Wires</u>

14.    In furtherance of the scheme to defraud, ROBINSON caused interstate wire transfers to be made, including interstate wire transfers of investor funds to and from QYU-controlled bank accounts.

## COUNTS ONE THROUGH ELEVEN
### 18 U.S.C. § 1343 - Wire Fraud

D-1 DARREN ANTHONY ROBINSON

15.    The allegations in paragraphs 1 through 14 are incorporated into this count by reference.

16.    From at least approximately 2015, though at least approximately June 2023, in the Eastern District of Michigan and elsewhere, the defendant, as specified below, did knowingly and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice.

<u>Purpose of the Scheme to Defraud</u>

17.    The Grand Jury realleges and incorporates by reference paragraph 4 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

<u>The Scheme to Defraud</u>

18.    The Grand Jury realleges and incorporates by reference paragraphs 5 through 13 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

<u>Use of the Wires</u>

19.    On or about the dates specified as to each count below, ROBINSON, in the Eastern District of Michigan and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice, as set forth below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 1 | December 27, 2019 | Wire Transfer of Approximately $200,000 from Investor R.Y. to QYU Holdings, Inc Account X4708 |
| 2 | February 25, 2020 | Wire Transfer of Approximately $400,000 from Investor R.Y. to QYU Holdings, Inc Account X4708 |
| 3 | June 25, 2020 | Wire Transfer of Approximately $150,000 from Investor M.C. to QYU Holdings, Inc Account X4708 |
| 4 | October 26, 2020 | Wire Transfer of Approximately $250,000 from Investor M.C. to QYU Holdings, Inc Account X4708 |

| 5 | October 30, 2020 | Wire Transfer of Approximately $200,000 from Investor R.Y. to QYU Holdings, Inc Account X4708 |
|---|---|---|
| 6 | December 3, 2021 | Wire Transfer of Approximately $119,500 from Investor M.C. to QYU Holdings, Inc Account X5733 |
| 7 | January 25, 2022 | Wire Transfer of Approximately $100,000 from Investor J.G. to QYU Holdings, Inc Account X5733 |
| 8 | April 26, 2022 | Wire Transfer of Approximately $146,000 from Investor J.G. to QYU Holdings, Inc Account X5733 |
| 9 | August 25, 2022 | Wire Transfer of Approximately $180,000 from Investor J.G. to QYU Holdings, Inc Account X5733 |
| 10 | December 14, 2022 | Wire Transfer of Approximately $25,000 from Investor L.G. to QYU Holdings, Inc Account X5733 |
| 11 | February 22, 2023 | Wire Transfer of Approximately $1,500,000 from Investor R.Y. to QYU Holdings, Inc Account X5733 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWELVE
### 18 U.S.C. § 1957 – Money Laundering

D-1 DARREN ANTHONY ROBINSON

20.    The allegations in paragraphs 1 through 19 are incorporated into this count by reference.

21.    On or about the date specified below, ROBINSON, did knowingly engage and attempt to engage in the following monetary transaction by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency, such property having been derived from a specified unlawful activity, that is, wire fraud, which occurred in the Eastern District of Michigan and elsewhere as detailed in Paragraphs 15-19, and the proceeds of which ROBINSON participated in

6

transferring from the Eastern District of Michigan to the district where the monetary transaction occurred:

| Count | Approximate Date | Description of Monetary Transaction |
|-------|------------------|-------------------------------------|
| 12 | June 22, 2021 | Wire Transfer of Approximately $816,049.00 from QYU Holdings, Inc Account X4708 to Abu Dhabi Commercial Bank for benefit of "DAMAC HOMES LLC" with reference to "Darren Robinson Property" |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981, 18 U.S.C. § 982, and 28 U.S.C. § 2461)

22.    The allegations contained in Counts One through Eleven of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

23.    Upon conviction of the offense(s) charged in Counts One through Eleven of this Indictment, in violation of Title 18, United States Code, Section 1343, defendant shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to the offense(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

24. The allegations contained in Count Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

25. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense charged in Count Twelve, in violation of Title 18, United States Code, Section 1957, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

26. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

27. Money Judgment: Upon conviction of violating Title 18, United States Code, Section 1343 and/or Section 1957, defendant shall be ordered to pay the

8

United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violation(s).

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

*s/Mark J. Chasteen*
MARK CHASTEEN
Chief, White Collar Crime Unit

*s/Andrew J. Yahkind*
ANDREW J. YAHKIND
Assistant United States Attorney

Dated: January 11, 2024



| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case: 2:24-cr-20025<br>Assigned To : Edmunds, Nancy G.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 1/11/2024<br>Description: INDI USA V. ROBINSON (NA) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes      ☒ No | **AUSA's Initials:**  AJY |

Case Title: USA v.  D-1 Darren Robinson

County where offense occurred :  Oakland and Macomb

Check One:      ☒ Felony            ☐ Misdemeanor            ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
__✓__Indictment/_____Information --- based upon prior complaint [**Case number:** 23-mj-30260                     ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____      Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

January 11, 2024
Date

s/Andrew J. Yahkind

Andrew J. Yahkind
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9565
Fax:    (313) 226-2873
E-Mail address: Andrew.yahkind@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.